IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RAMIRO CANALES #01244960 | § | |
| VS. | § | CIVIL ACTION NO. 6:11CV190 |
| CORRECTION OFFICER V STEPHEN R. ROBERTSON, ET AL | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Ramiro Canales, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition has been referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636(b) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On April 27, 2011, Plaintiff filed an "Affidavit In Support Of Magistrate's 636(c) Hearings" (docket entry #6) in which he requests that this case not be referred to the undersigned. Plaintiff states he "do[es] not want [Judge Guthrie] to preside over my case against the TDCJ-ID prison officials." Motion at 1. Therefore, the Court construes Plaintiff's Affidavit as a Motion to Recuse the Magistrate Judge pursuant to 28 U.S.C. § 455 or an Affidavit of Prejudice pursuant to 28 U.S.C. § 144.

"[I]f the issue of a judge recusing herself arises either through a motion to recuse under § 455 or an affidavit of prejudice under § 144, the judge has the option to either transfer the matter to

another judge for decision or determine it herself." *See Maldonado v. Ashcroft*, 108 Fed. Appx. 221, 222 (5th Cir. 2004) (per curiam) (citing *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458 n. 7 (5th Cir.1996)), *cert. denied*, 545 U.S. 1133, 125 S. Ct. 2946, 162 L. Ed. 2d 875 (2005). In this case, the undersigned Magistrate Judge will rule on Plaintiff's motion to recuse herself. "[N]o authority 'suggests any negative inference that can be drawn from the fact that the judge to whom a motion to recuse is directed rules on the motion' instead of referring it to another judge." *Doddy*, 101 F.3d at 458 n.7 (quoting *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 963 n.9 (5th Cir.), *cert. denied*, 449 U.S. 888, 101 S. Ct. 244, 66 L. Ed. 2d 114 (1980)).

Addressing the Plaintiff's first point, he is incorrect that the undersigned is presiding over his case pursuant to 28 U.S.C. § 636(c). Instead, the undersigned is assigned to conduct reviews of this matter and respond to the Plaintiff's filings in accordance with the authority vested under 28 U.S.C. § 636(b), which includes the ability to:

> hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

*Id.*, § 636(b)(1)(A). Such assignment is not subject to a plaintiff's consent. However, this Plaintiff is otherwise free to withhold consent for the undersigned Magistrate Judge to extend her jurisdiction under § 636(c) to adjudicate his lawsuit in the matters listed above.

The main thrust of Plaintiff's motion is his concern that some unidentified "person" who apparently appeared before the undersigned at some time in the past told him certain misinformation regarding an alleged pecuniary interest in TDCJ-ID and circumstances relating to certain family members. Even if true, these allegations would not necessarily constitute bias. "In order for a judge

to be disqualified for bias or prejudice, the bias must stem from an extrajudicial source and result in an opinion on some basis other than what the judge learned in the case." *Crawford v. United States Dept. of Homeland Sec.*, 245 Fed. Appx. 369, 383 (5th Cir. 2007) (per curiam) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966); *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992)), *cert. denied*, 553 U.S. 1054, 128 S. Ct. 2487, 171 L. Ed. 2d 768 (2008). However, the information Plaintiff alleges he was told by some third person is false in its entirety and, therefore, his allegations are incorrect. Plaintiff's concern of bias, therefore, is merely speculative and conclusory. *Crawford*, 245 Fed. Appx. at 383.

If Plaintiff wishes to withhold consent to the undersigned's jurisdiction in this matter for the purposes excluded in 28 U.S.C. § 636(b), he may do so under § 636(c). Otherwise, it is hereby

**ORDERED** that Plaintiff's Affidavit, construed as a Motion to Recuse the Magistrate Judge pursuant to 28 U.S.C. § 455 or an Affidavit of Prejudice pursuant to 28 U.S.C. § 144 (docket entry #6) is **DENIED**.

So **ORDERED** and **SIGNED** this **13** day of **May, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE