IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RAMIRO CANALES #01244960 | § | |
| VS. | § | CIVIL ACTION NO. 6:11CV190 |
| CORRECTION OFFICER V STEPHEN R. ROBERTSON, ET AL. | § | |

MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S
MOTION TO ALTER OR AMEND THE JUDGMENT OR TO AMEND THE COMPLAINT

On April 15, 2011, Petitioner, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Plaintiff complained that he had been subjected to a use of excessive force and deliberate indifference to his medical needs on July 3, 2010, when two correctional officers allegedly slammed the door of the food slot in his cell door against his arms, which were extending out of the food slot in violation of prison regulations.

On April 11, 2012, the Magistrate Judge issued a Report and Recommendation (R&R) that the complaint be dismissed for Plaintiff's failure to prosecute when Plaintiff failed to comply with the scheduling deadlines of the applicable Scheduling Order. On May 2, 2012, the Court dismissed the complaint without prejudice and entered final judgment. On May 21, 2012, Plaintiff filed a Motion to Alter or Amend the Judgment or Amend the Complaint (docket entry #52).

A motion to alter or amend pursuant to Rule 59(e) "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper

vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). In any event, a Rule 59(e) motion must be filed "no later than 28 days after the entry of the judgment."

Here, Plaintiff filed his Rule 59(e) motion on May 21, 2012, within the 28 day period required by the terms of the Rule. Therefore, it is timely.

However, Plaintiff does not state what it is he wants altered or amended. The motion itself is extremely brief and states only:

> Plaintiff filed a motion to alter of amend the or amend the Judgment an amend complaint under Federal Rules of Civil Procedure Rule 59(e) and move for an extension of time and to move for leave to file an amend complaint pursuant to Rules 15(a) and 19(a) Fed. R. civ. P. Request leave to file an amended complaint. Move for an extension of time both complaint.

Motion at 1 (as in original). This is followed simply by a prayer to alter or amend the judgment and amend the complaint. *Id*. Given its most liberal construction, it appears that Plaintiff seeks to set aside the judgment and amend his complaint, though he does not state why or what the nature of his amendment is.

In this case, the Magistrate Judge conducted an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) on December 8, 2011, and Defendants filed a motion for

summary judgment that Plaintiff defeated before he failed to comply with the scheduling order. Therefore, there is no requirement to allow an amended complaint, even if Plaintiff did identify the nature of the amendment he wishes to file. *See Brumley v. Livingston*, 459 Fed. Appx. 470, 2012 WL 373086, at *1 (5th Cir. Feb. 6, 2012). Additionally, in seeking to file an amended complaint, "[a] Rule 59 motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions . . . cannot be used to argue a case under a new legal theory.'" *Balakrishnan v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College*, 452 Fed. Appx. 495, 499 (5th Cir. 2011) (per curiam) (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir.2005) (quotation marks and citation omitted in *Balakrishnan*)). Here, Plaintiff has not established or even argued either an error of law or fact or newly discovered evidence. Furthermore, Plaintiff has never attempted to rectify the omissions he committed in failing to comply with the scheduling order, namely, providing required disclosures and filing witness and exhibit lists necessary for any trial.

The Court dismissed Plaintiff's complaint without prejudice, meaning he may re-file his action with any amendments he wishes to include. He is cautioned that he is approaching the two-year statute of limitations applicable to lawsuits brought pursuant to 42 U.S.C. § 1983. However, sufficient time remains for him to re-file if he so wishes. It is therefore

**ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment or Amend the Complaint (docket entry #52) is hereby **DENIED**.

**It is SO ORDERED.**

**SIGNED this 31st day of May, 2012.**

3

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE